UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| VOUTY THOL,<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>DOUG WADDINGTON,<br><br>　　　　　　Respondent. | Case No.  C05-5373RJB<br><br>ORDER TO SHOW CAUSE |

    The petitioner in this action is seeking federal habeas corpus relief pursuant to 28 U.S.C. § 2254.  This case has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636 (b) (1) (A) and 636 (b) (1) (B) and Local Magistrates' Rules MJR 3 and MJR 4.

    On June 6th, 2005 petitioner filed a ten page petition, a forty six page memorandum in support of the petition, and a motion to stay and hold the petition in abeyance.  (Dkt. # 1 through 3).  The court has not yet ordered service of the petition.

    The motion to stay the petition indicates petitioner has "three petition pending" in state court. The court is not sure if petitioner means he has a third petition pending or if he is indicating he has three separate petitions currently pending.  (Dkt. # 3).  The motion sets forth the stay and abeyance procedures that existed prior to the Supreme Court ruling in <u>Rhine v. Weber</u>,.  <u>Rhine v. Weber</u>, ____ U.S. ____, 125 S. Ct. 1528 (2005).  On March 30th, 2005 the Supreme Court decision in <u>Rhine</u> was

ORDER
Page - 1

1  issued. The Court held that a district court does have the authority to stay a petition but the
2  petitioner must show good cause for the stay. The Court was concerned that frequent stays in
3  habeas cases will undermine the purpose of the Antiterrorism and Effective Death Penalty Act.
4  <u>Rhine</u>, 125 S. Ct. At 1534. Stay is appropriate only where there is good cause and the issues that are
5  unexhausted have merit. Petitioner in this case has not provided any reason for his failure to exhaust
6  his claims before coming to federal court and has not indicated for the court precisely which issues
7  are unexhausted. Thus, the court cannot properly consider the motion at this time.

8  The court ORDERS petitioner to Show Cause why the court should enter an order to stay
9  this action. The response to the Order to Show Cause is Due on or before **July 29th, 2005** and must
10 tell the court why petitioner did not exhaust his issues in his direct appeal or first collateral challenge
11 and which issues are currently unexhausted.

12 Failure to respond, or an inadequate response will result in a Report and Recommendation
13 that this action be dismissed prior to service as a mixed petition unless petitioner decides to dismiss
14 all unexhausted issues and proceed with only the exhausted claims.

15 The Court Clerk is directed to send a copy of this Order to petitioner.

16 DATED this 28th day of June, 2005.

*(signature)*
Karen L. Strombom
United States Magistrate Judge

ORDER
Page - 2