UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

VOUTY THOL,

    Petitioner,

    v.

DOUG WADDINGTON,

    Respondent.

Case No. C05-5373RJB

ORDER DENYING STAY AND DIRECTING SERVICE OF PETITIONER'S AMENDED PETITION

    This 28 U.S.C. § 2254 petition for habeas corpus relief has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636 (b) and local Rules MJR 3 and 4. Before the court is petitioner's motion to stay this petition as he currently has a personal restraint petition pending in the state court system that challenges a jury instruction petitioner claims was improper. (Dkt. # 5).

    Two weeks after filing the motion for stay, one week before the motion was noted to be heard, petitioner filed an amended petition. The single issue he is pursuing is the jury instruction claim. (Dkt. # 6).

    In <u>Rhine v. Weber</u>, ____ U.S. ____, 125 S. Ct. 1528 (2005), the Supreme Court approved of the practice of staying appropriate cases to allow a petitioner to return to state court and exhaust issues. The court in <u>Rhines</u> indicated that stay should be granted only on a showing of good cause. The showing must includes a good reason for not exhausting the issue on direct appeal or prior to

ORDER FOR SERVICE AND RETURN, 2254 PETITION - 1

filing in federal court. An Order to Show Cause was entered in this case and petitioner has responded. (Dkt. # 8).

Petitioner indicates he has exhaust the jury instruction issue on direct appeal. He has re-raised this issue on collateral review "in the interests of justice." (Dkt. # 8). In the response petitioner concedes all other claims in the federal habeas petition are unexhausted. Petitioner states:

> With regard to the other claims (2-7) raised in the habeas corpus petition those issues are unexhausted, in which petitioner is no longer pursuing those issues in the state courts due to the time limitation had already expired. Therefore, petitioner respectfully request that those issues be dismissed only if the accomplice liability claim is stayed pending the resolution of the state habeas action and petitioner does not have to delete the other claims (2-7), then re-submit another petition containing only the erroneous accomplice liability claim to the court.
>
> However, if petitioner has to delete the unexhausted claims (2-7) from his petition and re-submit another habeas petition (which could mean having his petition dismissed due to the time limitation being expired), petitioner respectfully request to withdraw his first habeas petition and then request a stay on his amended petition that was sent to the Untied States District Court, at Seattle on June 15th, 2005. That amended petition only contain the erroneous accomplice liability claim which is fully exhausted.

(Dkt. # 8, page 2 and 3).

Petitioner has not shown good cause for a stay and there is no reason to stay an exhausted petition. The motion to stay is **DENIED.**

A person has a right under the federal civil rules to amend a complaint once as a matter of course. The amended petition in this action raises the only exhausted claim and will act as a complete substitute for the original. Thus, the petition in this action is the amended petition, (Dkt. # 6). The court now ORDERS:

(1) The clerk shall arrange for service by certified mail upon respondent, a copy of the amended petition, (Dkt. # 6), of all documents in support thereof, and of this Order. All costs of service shall be advanced by the United States. The Clerk shall assemble the necessary documents to effect service. The Clerk shall send petitioner a copy of this Order, the General Order. The clerk will also send a courtesy copy of the petition to the Washington State Attorney General's Office Criminal Justice Division.

(2) Within forty-five (45) days after such service, respondent shall file and serve an

ORDER FOR SERVICE AND RETURN, 2254 PETITION - 2

answer in accordance with Rule 5 of the Rules Governing § 2254 Cases in United States District Courts.  As part of such answer, respondents should state whether petitioner has exhausted available state remedies, whether an evidentiary hearing is necessary, and whether there is any issue of abuse of delay under Rule 9.  Respondent shall not file a dispositive motion in place of an answer without first showing cause as to why an answer is inadequate.  Respondent shall file the answer with the Clerk of Court and serve a copy of the answer upon petitioner.

(3) The answer will be treated in accordance with Local Rule CR 7.  Accordingly, upon receipt of the Answer the Clerk will note the matter for consideration on the fourth Friday after the answer is filed, petitioner may file and serve a response not later than on the Monday immediately preceding the Friday appointed for consideration of the matter, and respondent may file and serve a reply brief not later than on the Thursday immediately preceding the Friday designated for consideration of the matter.

DATED this 15th day of August, 2005.

Karen L. Strombom
United States Magistrate Judge

ORDER FOR SERVICE AND RETURN, 2254 PETITION - 3