UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

VOUTY THOL,

    Petitioner,

v.

DOUG WADDINGTON,

    Respondent.

Case No. 05-5373RJB

ORDER

This matter comes before the court on the Report and Recommendation of Magistrate Judge Karen L. Strombom (Dkt. 24). The court has reviewed the Report and Recommendation, the plaintiff's objections, and the file herein.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Vouty Thol is an inmate at the Stafford Creek Corrections Center. Mr. Thol was convicted of first degree attempted murder after a jury trial in Cowlitz County. Dkt. 19, Exh. 5 at 8. He filed a writ of habeas corpus with this court pursuant to 28 U.S.C. § 2254 contending that the jury was given an improper instruction on accomplice liability and that such error was not harmless and mandates reversal. Dkt. 6. The respondent concedes that Mr. Thol exhausted his state remedies but contends that Mr. Thol's claim is procedurally barred. In order to properly review the Court of Appeals' decision and the petitioner's objections, this court ordered the trial transcripts and verdict forms. Dkt. 26.

ORDER - 1

## II. DISCUSSION

### A. PROCEDURAL BAR

Section 2254(a) allows federal courts to entertain applications for habeas relief by a state prisoner only on the ground that the prisoner is in custody in violation of the Constitution or laws or treaties of the United States. The prisoner must satisfy the similar, but distinct, exhaustion and procedural default doctrines. Section 2254 requires that all state remedies on all claims alleged in a Section 2254 petition be "exhausted" before a federal court reviews the claims, meaning that there are no available state remedies when the Section 2254 petition is filed. *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b)(1)(A). The respondent concedes that Mr. Thol has exhausted his state remedies such that there is no relief available to him at the state level but contends that his claim is procedurally barred because he defaulted on his claim in state court. *See* Dkt. 18 at 11, 13.

State remedies may be unavailable when a Section 2254 petitioner has defaulted on a claim in state court. A default occurs when a petitioner fails to comply with a state procedural rule or to raise a claim. *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991). This failure fulfills the technical requirement of exhaustion because it leaves no available state remedies, but the petitioner then runs squarely into the obstacle of "procedural default." A procedural default occurs if the petitioner failed to physically exhaust his state remedies by not presenting his claims in state court, and "the court to which petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Id*.

A brief review of this case's procedural history reveals that the doctrine of procedural default does not apply to Mr. Thol. Mr. Thol was convicted in 1997. Dkt. 19, Exh. 5 at 8. Mr. Thol appealed his conviction and raised the issue of the accomplice liability instruction (the issue) in his *pro se* supplemental brief and in a joint supplemental brief. Dkt. 19, Exh. 3, 4. The Court of Appeals upheld the conviction, holding that any error in instructing the jury on accomplice liability was harmless. Dkt. 19, Exh. 5 at 13-15. Mr. Thol filed a motion for reconsideration of the order upholding his conviction and raised the issue. Dkt. 19, Exh. 6. This motion was denied. Dkt. 19, Exh. 7. Mr. Thol then filed a Petition for Review with the Washington State Supreme Court, raising the issue. Dkt. 19, Exh. 8. The petition was denied. Dkt. 19, Exh. 9. The issue of the

ORDER - 2

1  accomplice liability was therefore addressed at every stage of Mr. Thol's direct appeal, and Mr.
2  Thol's state remedies have been exhausted. Mr. Thol's argument that the accomplice liability was
3  erroneous is not procedurally barred because it was fully presented to the state courts in his direct
4  appeal.

5  The respondent contends that the procedural bar of Mr. Thol's claim arises from his
6  personal restraint petition, in which he raised the issue before the State Supreme Court. Dkt. 19,
7  Exh. 10. The petition was transferred to the Court of Appeals, which dismissed the issue. Dkt. 19,
8  Exh. 11, 12. Mr. Thol then filed a *pro se* Motion for Discretionary Review with the State Supreme
9  Court and did not raise the accomplice liability instruction as an issue for review. Dkt. 19, Exh. 13.
10 The respondent contends that Mr. Thol's failure to raise the issue at this stage constitutes a
11 procedural bar to this habeas petition. Dkt. 18 at 15.

12 The procedural bar doctrine is somewhat narrow and does not apply "if the decision of the
13 last state court to which the petitioner presented his federal claims fairly appeared to rest primarily
14 on resolution of those claims . . . and did not clearly and expressly rely on an independent and
15 adequate state ground." *Coleman*, 501 U.S. at 735. The last state court to which Mr. Thol
16 presented this federal claim was the Court of Appeals. *See* Dkt. 19, Exh. 11. The court dismissed
17 Mr. Thol's claim that the accomplice liability instruction was erroneous on the ground that he
18 failed to raise new issues of fact or law that were not or could not have been raised previously.
19 Dkt. 19, Exh. 12 at 3. This holding concerns the merits of Mr. Thol's arguments to the Court of
20 Appeals and not merely a procedural state rule.

21 The doctrine does apply "if the petitioner failed to exhaust state remedies and the court to
22 which the petitioner would be required to present his claims in order to meet the exhaustion
23 requirement would now find the claims procedurally barred, . . . regardless of the decision of the
24 last state court to which the petitioner actually presented his claims." *Id.* at n.1. Such is not the
25 case here. Though Mr. Thol failed to mention the accomplice liability instruction in his Motion for
26 Discretionary Review, he fully exhausted the issue on direct appeal. The court should therefore
27 adopt the finding in the Report and Recommendations and hold that Mr. Thol's claim is not
28 procedurally barred.

ORDER - 3

## B. THE ACCOMPLICE LIABILITY INSTRUCTION

Mr. Thol contends that the jury was given an erroneous accomplice liability instruction and that this instruction deprived him of due process of law as guaranteed by the Fourteenth Amendment to the Constitution. Dkt. 6 at 13. He contends that this failure to properly instruct mandates automatic reversal or, in the alternative, that the failure was not harmless. *Id.* at 14.

The jury was given the following instruction defining the term "accomplice":

> A person who is an accomplice in the commission of a crime is guilty of that crime whether present at the scene or not.
>
> A person is an accomplice in the commission of a crime if, with knowledge that it will promote or facilitate the commission of **a crime**, he or she either:
>
> (1) solicits, commands, encourages, or requests another person to commit the crime; or
> (2) aids or agrees to aid another person in planning or committing the crime.
>
> The word 'aid' means all assistance whether given by words, acts, encouragement, support, or presence. A person who is present at the scene and ready to assist by his or her presence is aiding in the commission of the crime. However, more than mere presence and knowledge of the criminal activity of another must be shown to establish that a person present is an accomplice.

Dkt.19, Exh. 5 at 11-12 (emphasis added).

Mr. Thol contends that the second use of the phrase "a crime" is legally deficient because it allows the jury to convict the defendant as an accomplice if the defendant knows that his actions under parts (1) and (2) will promote or facilitate any crime and not merely the crime charged. Specifically, Mr. Thol contends that the jury could have convicted him as an accomplice to attempted murder for getting rid of the magazine in the patrol car after the crime had been committed or by assaulting the victim, regardless of whether he knew these activities would promote or facilitate attempted murder. Dkt. 6 at 15-16.

The Court of Appeals declined to rule on whether the instruction was erroneous or on whether such error was of constitutional magnitude, instead holding that any error was harmless beyond a reasonable doubt because Mr. Thol was a principal who "individually committed all of the required elements of the two crimes charged." *See* Dkt. 19, Exh. 5 at 13-14.

28 U.S.C. § 2254(d) provides as follows:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was

ORDER - 4

adjudicated on the merits in State court proceedings unless the adjudication of the claim--

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The scope of this court's inquiry is therefore whether the Court of Appeals' holding that the instruction was harmless beyond a reasonable doubt is (1) contrary to or involves an unreasonable application of clearly established federal law or (2) is based upon an unreasonable determination of the facts. Under the "contrary to" clause, the court should grant a writ of habeas corpus if the state court arrived at a conclusion opposite to that reached by the Supreme Court on a question of law or reaches a different result from a Supreme Court case decided on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000).

Not all errors warrant habeas relief, and "there may be some constitutional errors which in the setting of a particular case are so unimportant and insignificant that they may, consistent with the Federal Constitution, be deemed harmless, not requiring the automatic reversal of the conviction." *Chapman v. California*, 386 U.S. 18, 22 (1967). A habeas petitioner is entitled to relief only if the error "had substantial and injurious effect or influence in determining the jury's verdict," resulting in "actual prejudice." *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993).

An allegedly erroneous jury instruction is considered a "trial error." Such errors occur during the presentation of the case to the jury. *See Arizona v. Fulminante*, 499 U.S. 279, 307 (1991). A conviction may be upheld if the erroneous instruction was harmless beyond a reasonable doubt. *Id.* at 307-08.

The Court of Appeals held that the instruction was harmless beyond a reasonable doubt but neglected to analyze whether the instruction was erroneous. *See* Dkt. 5 a 14. As Mr. Thol correctly argues, the trial court's accomplice liability instruction was an erroneous statement of the law. Under the instruction, an accomplice may be found guilty for a principal's crime, and the State is not required to prove beyond a reasonable doubt that the accomplice had general knowledge

ORDER - 5

about the specific crime charged. *See State v. Roberts*, 142 Wn.2d 471, 512 (2001). This contradicts RCW 9A.08.020, which "establishes a mens rea requirement of 'knowledge' of 'the crime'" and intends that "the culpability of an accomplice not extend beyond the crimes of which the accomplice actually has 'knowledge.'" *Id.* at 511. This conclusion is supported by *State v. Cronin*, 142 Wn.2d 568, 576 (2000), in which the Washington Supreme Court held that an identical instruction on the knowledge element was legally deficient. This holding does not end the court's inquiry, however. The court must now determine whether the holding of the Washington Court of Appeals, that the error was harmless beyond a reasonable doubt, is erroneous under the standard of 28 U.S.C. § 2254(d).

      The Court of Appeals determined that the instruction was harmless because Mr. Thol was involved as a principal in the crime. After reviewing the record, the court concludes that while it is questionable whether there is sufficient evidence in the record to support the conviction on the principal liability theory, the accomplice liability instruction was harmless because the evidence establishes beyond a reasonable doubt that Mr. Thol was an accomplice. There is evidence that Mr. Thol was recruited in Seattle to come to Longview and participate in the shooting. RP Vol. VI at 894. Not only did Mr. Thol ride with his accomplices to the crime scene and leave the vehicle to participate, he had discussed the shooting beforehand. *See, e.g.*, RP Vol. 1 at 21 (Mr. Thol and others were instructed to "Knock on the door and shoot."). Moreover, the jury was not presented with evidence of other crimes upon which the accomplice liability finding may be based. There was no error under the standard of 28 U.S.C. § 2254(d).

### III. ORDER

    Therefore, it is now

    **ORDERED** that the Report and Recommendation (Dkt. 24) is **ADOPTED** for the foregoing reasons, and the petition for a writ of habeas corpus is **DENIED**.

/

/

/

ORDER - 6

1      The Clerk of the Court is instructed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 30th day of March, 2006.

                                             /s/ Robert J. Bryan
                                             Robert J. Bryan
                                             United States District Judge

ORDER - 7