UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| VOUTY THOL,<br><br>        Petitioner,<br><br>   v.<br><br>DOUG WADDINGTON,<br><br>        Respondent. | Case No.  C05-5373RJB<br><br>ORDER DENYING MOTION FOR TRANSCRIPTS; ORDER DENYING MOTION FOR CERTIFICATE OF APPEALABILITY; ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL |

     This matter comes before the Court on Petitioner's Motion for Transcripts (Dkt. 41), Motion for Certificate of Appealability (Dkt. 42), and Motion for Appointment of Counsel (Dkt. 43).  The court has considered the pleadings filed in support of the motions and the file herein.  No pleadings were filed in opposition to the motions.

FACTUAL AND PROCEDURAL HISTORY

     Petitioner Vouty Thol is an inmate at the Stafford Creek Corrections Center.  Petitioner was convicted of first degree attempted murder after a jury trial in Cowlitz County.  Dkt. 19, Exh. 5 at 8.  On June 21, 2005, Petitioner filed a writ of habeas corpus with the Court pursuant to 28 U.S.C. § 2254, contending that the jury was given an improper instruction on accomplice liability, and that such error was not harmless and mandates reversal.  Dkt. 6.  On December 21, 2005, U.S. Magistrate Judge Karen L. Strombom issued a Report and Recommendation, concluding that the

ORDER - 1

grounds set forth in Petitioner's habeas petition were without merit. Dkt. 24. On March 30, 2006, the Court adopted the Report and Recommendation and dismissed the petition. Dkt. 32.

Petitioner has now appealed to the U.S. Court of Appeals for the Ninth Circuit (Dkt. 34), and has requested that this court issue a Certificate of Appealability pursuant to 28 U.S.C. § 2253(c). Dkt. 42. In his motion for a Certificate of Appealability, Petitioner argues that the district court unreasonably applied U.S. Supreme Court case law when it concluded "the erroneous accomplice liability instruction was harmless because the evidence established beyond a reasonable doubt that [Petitioner] was an accomplice." Dkt. 42 at 8. Petitioner has also filed a motion requesting transcripts and records of all state and district court proceedings, to be paid by the United States under the Criminal Justice Act. Dkt. 41. Petitioner has also filed a motion requesting appointment of counsel. Dkt. 43.

<u>STANDARD FOR GRANTING CERTIFICATE OF APPEALABILITY</u>

The district court should grant an application for a Certificate of Appealability only if the petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). To obtain a Certificate of Appealability under 28 U.S.C. § 2253(c), a habeas petitioner must make a showing that reasonable jurists could debate whether the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (*quoting Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). When the Court has rejected the constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. at 484.

<u>DISCUSSION</u>

A. MOTION FOR CERTIFICATE OF APPEALABILITY

When issuing its Order adopting the Report and Recommendation, the Court carefully reviewed the record and determined that Petitioner's claims did not warrant habeas relief. Dkt. 32. In his request for a Certificate of Appealability, Petitioner raises the same claims that were carefully reviewed by the magistrate judge, and by this court on *de novo* review. Petitioner has not

ORDER - 2

shown that reasonable jurists could debate whether the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. Therefore, Petitioner's request for a Certificate of Appealability should be denied because Petitioner has not shown that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling" that resulted in the dismissal of his habeas petition. *See Slack v. McDaniel*, 529 U.S. at 484; *see also* 28 U.S.C. § 2253(c).

B.  MOTION FOR TRANSCRIPTS AND MOTION FOR APPOINTMENT OF COUNSEL

In a separate motion, Petitioner requests a copy of all transcripts and records of state and district court proceedings that pertain to his case, and further requests that the copying expenses be paid by the United States under the Criminal Justice Act. Dkt. 41. Petitioner cites Rule 10 of the Federal Rules of Appellate Procedure as authority for his request. First, it appears that Petitioner may have misinterpreted this rule. If the Court of Appeals for the Ninth Circuit desires these records from the district court, they will make the appropriate request in the appropriate manner. Second, the Court notes that Petitioner is already in possession of most of these records, having submitted the state records to the district court pursuant to the Court's Order (Dkt. 26), and having received copies of all pleadings and orders that were filed with, or issued by, the district court with regard to Petitioner's habeas proceedings. Third, the Court finds that the interests of justice do not warrant such an Order regarding expenses at this time. Petitioner's motion should therefore be denied.

In a separate motion, Petitioner also requests the appointment of counsel at the Court's discretion, pursuant to 18 U.S.C. § 3006(a). After a review of the record, the Court finds that the interests of justice do not warrant appointment of counsel in this case. *See* 18 U.S.C. § 3006(a)(2)(b). Petitioner's motion should therefore be denied.

ORDER

Therefore, it is hereby

**ORDERED** that Petitioner's Motion for Transcripts (Dkt. 41), Motion for Certificate of Appealability (Dkt. 42), and Motion for Appointment of Counsel (Dkt. 43) are **DENIED**.

ORDER - 3

1    The clerk is directed to send uncertified copies of this Order to all counsel of record and to
2 any party appearing *pro se* at said party's last known address.
3    DATED this 11th day of May, 2006.

    Robert J. Bryan
    United States District Judge

ORDER - 4